■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR FONSECA, Appellant.— This is an appeal from an order which denied a writ of error *coram nobis* without a hearing. Defendant contends he was not properly arraigned before the Magistrate or advised of his right to counsel and that the counsel appointed subsequent to the indictment did not adequately represent him. The defendant was one of three charged with murder, first degree, and at the arraignment before the Magistrate one of the deefndants was represented by counsel and requested a hearing. At the subsequent hearing, at the suggestion of the District Attorney, the court granted an examination to all of the defendants. Thereafter, the Grand Jury returned first degree murder indictments against each of the defendants and the court appointed counsel to represent and protect the interest of the defendant herein. The record on this appeal shows that at some subsequent time, all of the defendants, with their respective counsel, appeared in court and lengthy statements were made by counsel requesting the court to accept a plea to murder in the second degree rather than to proceed to trial on the charge of murder in the first degree. It is apparent that the nature of the crime was heinous and had aroused considerable agitation within the county. It has been aptly stated that what the counsel for this defendant said in requesting the court to accept the plea might be more appropriate at the time of sentencing, but we are unable to say that it created any prejudice but was the overzealousness of counsel to persuade the court to accept a lesser plea, which certainly was for the best interests of this defendant. The court accepted the plea of each defendant and this defendant, like the others, was sentenced to a term in accordance with the provisions of the Penal Law as to murder in the second degree. As to the contention of the defendant with reference to his rights at the time of the arraignment before the Magistrate, his plea to a reduced charge, when he was represented by counsel, forecloses such issue by way of *coram nobis*. (*People* v. *Nicholson*, 15 A D 2d 613, affd. 11 N Y 2d 1067.) The record shows that this defendant was represented by experienced and competent counsel, assigned to him by the court, and who throughout the proceedings diligently worked in his behalf and for his best interests. Under such circumstances, he is not entitled to a hearing. (*People* v. *Tomaselli*, 7 N Y 2d 350.) Order affirmed. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.

■ In the Matter of the Claim of EUGENE SLAVIN, Appellant. BALLET RUSSE DE MONTE CARLO, INC., Respondent; MARTIN P. CATHERWOOD, Industrial Commissioner, Respondent.— Upon the prior appeal (6 A D 2d 956), it was shown that the employer, otherwise exempt, became liable for contributions by agreement with claimant's union; and inasmuch as the record suggested the possibility that both claimant and the union knew that contributions were being made only upon that portion of the weekly payment treated as salary for income tax purposes, we remitted to permit development of the record with respect to such knowledge and to consider the propriety of imposing estoppel, should knowledge be shown. Upon remittal, however, it was not demonstrated that either claimant or the union had any such knowledge. Consequently the previous decision of the board, filed February 28, 1957, was correct. Decision reversed and matter remitted to the board for further proceedings not inconsistent herewith, without costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., concurs in the result.